SUMMARY ORDER

This lawsuit, filed ten years ago, arises out of a school assignment in which Antonio Peck and the rest of his kindergarten class were required to create posters, for display at an assembly, reflecting what they had learned in class about environmental conservation.
Antonio’s first poster consisted of religious imagery, featuring a bearded man in prayer and a sign reading “Prayer Changes Things.” Defendants required Antonio to redo his poster because it did not reflect what was taught in class, was (in the defendants’ estimation) not his own work, and potentially suggested that the school was teaching religion to kindergartners.
Antonio’s second poster showed, inter alia, two children engaged in recycling; on the lower left-hand corner of the poster was the same image of the bearded man at prayer. When defendants displayed this second poster at the assembly, the corner was folded over to conceal the picture of the bearded man.
Antonio, by and through his parents, sued under 42 U.S.C. § 1983, arguing that defendants violated the Establishment *479 Clause and his rights to free speech, the free exercise of religion, and equal protection when they covered up the religious image on the second poster. Over the course of ten years, various claims and defendants have been dismissed; all that remains is a free speech claim for declaratory and injunctive relief[1] against the Baldwinsville Central School District and Principal Robert Creme and Superintendent Theodore Gilkey in their official capacities.[2]
We assume the parties’ familiarity with the underlying facts, the procedural history, and the issues presented for review.
The Court requested that the parties submit supplemental letter-briefs on the issue of, inter alia, whether Amtonio has standing to bring his claim. Having studied those briefs, we conclude that he does not.
Constitutional standing requires that litigants raise an actual case or controversy before availing themselves of the federal courts. See City of Los Angeles v. Lyons, 461 U.S. 95, 101, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983). “Because the standing issue goes to this Court’s subject matter jurisdiction, it can be raised sua sponte.” Cent. States Se. & Sw. Areas Health & Welfare Fund v. Merck-Medco, 433 F.3d 181, 198 (2d Cir.2005).
“A plaintiff seeking injunctive or declaratory relief cannot rely on past injury to satisfy the injury requirement but must show a likelihood that he or she will be injured in the future.” Deshawn E. by Charlotte E. v. Safir, 156 F.3d 340, 344 (2d Cir.1998) (citing Lyons, 461 U.S. at 105-06, 103 S.Ct. 1660); see also Golden v. Zwickler, 394 U.S. 103, 109-10, 89 S.Ct. 956, 22 L.Ed.2d 113 (1969). To do so, the plaintiff “must demonstrate both a likelihood of future harm and the existence of an official policy or its equivalent.” Shain v. Ellison, 356 F.3d 211, 216 (2d Cir.2004) (emphasis in original); see also Lyons, 461 U.S. at 105-06, 103 S.Ct. 1660.
In light of this precedent, we conclude that Antonio lacks standing for declaratory and prospective injunctive relief. See, e.g., Lyons, 461 U.S. at 105-06, 103 S.Ct. 1660; Golden, 394 U.S. at 109-10, 89 S.Ct. 956; Shain, 356 F.3d at 216; Curtis v. City of New Haven, 726 F.2d 65, 68 (2d Cir.1984). He points to no policy or custom (or an equivalent) suggesting that any defendant regularly violates students’ free speech rights. See Shain, 356 F.3d at 216. Nor has he offered a reason to believe that he faces a “reasonable likelihood” of future harm. Id. at 215.
For these reasons, we hereby VACATE the judgment of district court and REMAND with instructions for the district court to DISMISS the complaint for lack of subject-matter jurisdiction.

. In his original complaint, Antonio also sought damages. In his brief to this Court, however, he asks for declaratory and injunc-tive relief only. He has therefore waived any claim for damages. See Norton v. Sam's Club, 145 F.3d 114, 117-18 (2d Cir.1998).

. Defendants Creme and Gilkey are no longer employed as principal and superintendent, respectively. Accordingly, pursuant to Rule 43(c)(2) of the Federal Rules of Appellate Procedure, Principal Mary R. Schilz and Superintendent Jeanne Dangle are automatically substituted as parties in their official capacities.